IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TYRONCE LOVIQUE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-011 |
| | ) | |
| DODGE COUNTY JAIL, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 3), his petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.     BACKGROUND**

Petitioner states he is challenging a ten year sentence imposed by the Superior Court of Dodge County for selling cocaine. (Doc. no. 1, p. 1.) He does not provide the date of his conviction, but the details provided concerning his grounds for relief suggest he may have been convicted in approximately 2008. (Id. at 5 (describing circumstances of arrest in 2008).) Publicly available records from the Georgia Department of Corrections also state Petitioner's incarceration for his most recent cocaine charge, there are five such charges listed, was based on an offense date of December 11, 2007. See *http://www.dcor.state.ga.us*

(follow "Find an Offender" link; then search by EF Case No. 403372, last visited Mar. 3, 2016).

Petitioner states he was convicted after a trial before a judge only, but he did not appeal from the judgment of conviction. (Id. at 2.) Under the question requesting information as to whether Petitioner filed in *state* court any other petitions, application, or motions concerning the judgment under attack, Petitioner lists only a *federal* civil rights complaint dated February 7, 2016, which was filed in this Court on February 11, 2016. See Brown v. Dodge County Sheriff's Dep't, CV 316-008, doc. no. 1 (S.D. Ga. Feb. 11, 2016).

The federal habeas corpus petition is dated February 23, 2016. (Doc. no. 1-1.) As grounds for relief, Petitioner asserts (1) a confidential informant was improperly used to obtain evidence used against him in court, (2) officers improperly arrested him without a warrant, and (3) his court-appointed attorney wrongly convinced him there were no grounds to challenge the evidence used against him. (Doc. no. 1, pp. 2, 5-6, 14.)

## II. DISCUSSION

Although the timeliness of Petitioner's federal habeas corpus petition cannot be accurately determined because of the lack of detail concerning the date of the judgment of conviction under attack, the record is clear that Petitioner did not file an appeal or seek any type of collateral relief in the state courts after his conviction. Therefore, the federal petition must be dismissed.

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted

2

the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause

3

to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. As explained in detail below, Petitioner has not presented any exhausted claims in the present petition. Therefore, the stay and abeyance procedure is inapplicable.

### B. Petitioner Failed to Exhaust State Remedies.

Petitioner does not allege that he has invoked any state court remedies. To the contrary, as explained above, he affirmatively states that he pursued no direct appeal, and he provides no indication that he filed for any type of collateral relief in the state courts after his conviction. (See doc. no. 1, pp. 1-4.) Nothing in Petitioner's filing suggests that he has been prevented from asserting his current claims in a state court proceeding. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so that he can first give the state courts an opportunity to address his claims.

For the sake of completeness, the Court notes Petitioner's address on the docket is listed as the Dodge County Jail. As a state prisoner serving a sentence of ten years would usually be located at a state prison, the Court surmises Petitioner may have been re-arrested for some sort of parole violation. However, even if the Court were to assume Petitioner

4

actually intends to challenge his revocation rather than the underlying conviction, he must still exhaust available state court remedies before seeking relief in federal court. Georgia case law is clear that state habeas corpus procedures are available to challenge revocation of parole. See, e.g., Roberts v. Scroggy, 597 S.E.2d 385, 385 (Ga. 2004) (reviewing state habeas proceedings concerning parole revocation); Williams v. Lawrence, 540 S.E.2d 599, 601 (Ga. 2001) (same).

In any event, because Petitioner's claims, whether based on the underlying conviction or a recent arrest leading to revocation proceedings, are not properly before this Court, there is no need to address the timeliness of his federal claims. Of course, should Petitioner attempt to return to federal court after exhausting his state court remedies, his petition will again be reviewed under AEDPA's provisions, including the one-year statute of limitations. See 28 U.S.C. § 2244(d).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 3), his petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of March, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA